IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                      :

ZADMER ENTERPRISES, INC.
                                      :

    v.                                : Civil Action No. DKC 2005-1828

                                      :

WILMINGTON ELECTRICAL COMPANY,
INC.                                  :

## MEMORANDUM OPINION

Presently pending and ready for resolution is the motion of Plaintiff Zadmer Enterprises, Inc. ("Plaintiff"), to stay arbitration pending Defendant Wilmington Electrical Company, Inc.'s ("Defendant"), compliance with a subcontract disputes procedure.  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court denies Plaintiff's motion.

## I.  Background

On July 6, 2005, Plaintiff filed a breach of contract claim against Defendant (paper 1); on August 18, 2005, Plaintiff filed an amended complaint (paper 8).  Plaintiff alleges that Defendant, an electrical subcontractor, breached a contract to provide electrical work for the West County Recreation Center, a project on which Plaintiff was the main contractor.  Plaintiff specifically alleges that Defendant breached the contract by

failing to provide sufficient staffing to maintain the project schedule and failing to pay Defendant's subcontractors and suppliers for their work.  (Paper 8).

On August 5, 2005, Defendant filed a motion to dismiss or alternatively, to stay the action and compel arbitration. (Paper 4).[1]  On August 12, 2005, Defendant filed a copy of a "Demand for Arbitration" with this court (paper 6); the document indicates that Defendant filed the demand with the American Arbitration Association on July 29, 2005.  In its demand, Defendant asserts its own claims against Plaintiff, alleging that Plaintiff failed to pay Defendant money owed under the contract and for additional work that Plaintiff requested and Defendant performed.  Defendant also alleges that Plaintiff delayed the project and failed to "coordinate the work," which resulted in damages to Defendant.  In the demand, Defendant alleges it has suffered damages in the amount of $500,000.  *Id.*

On August 19, 2005, Plaintiff filed a motion to stay the arbitration.  (Paper 9).  Plaintiff offers two arguments for why

---

[1] Plaintiff filed a memorandum in opposition to Defendant's motion on August 18, 2005, along with an amended complaint, arguing that the amended complaint renders Defendant's motion to dismiss moot.  Defendant neither filed a reply in support of its motion nor an answer to the amended complaint.  On September 20, 2005, this court ordered Defendant to file an appropriate response to Plaintiff's amended complaint within ten days.

the arbitration should be stayed.  Plaintiff first alleges that the contract clearly articulates pre-arbitration dispute procedures that Defendant failed to follow with regard to some of the claims it submitted to arbitration, and therefore the arbitration demand was premature.  Plaintiff cites Section VII of the contract, which states in relevant part:

> Any and all other disagreements or disputes of any nature whatsoever arising between the [Plaintiff] and [Defendant] with reference to the work and/or payments involved herein, shall be determined by the [Plaintiff]. . . . [Defendant] shall have the right to appeal said decision by arbitration . . . . [Defendant] shall have ten days from the date of the decision by [Plaintiff] to request in writing, arbitration, otherwise [Defendant] shall be bound by the decision of [Plaintiff].

(Paper 8, ex. 1).  Plaintiff appears to interpret this section as requiring Defendant to: (a) articulate specific and detailed claims; and (b) give Plaintiff an opportunity to investigate and make a decision regarding all claims, prior to pursuing arbitration.[2]  Second, Plaintiff argues that with respect to some claims that Defendant has submitted to arbitration, Defendant may have "already waived [the right to arbitration] by failing to demand arbitration within the requisite ten (10) days of

---

[2] Plaintiff states these requirements as "purposes" of the contract's disputes clause, versus specific steps that Defendant was required to complete.

3

[Plaintiff's] decision."  (Paper 10, at 3-4).[3]

Defendant filed an opposition to Plaintiff's motion to stay on September 6, 2005.  (Paper 11).  Defendant asserts that under the terms of the contract, Defendant has the right to "appeal" through arbitration Plaintiff's decision not to pay Defendant the money Plaintiff allegedly owed.  Defendant further argues that whether it followed the appropriate "disputes procedure" is an issue for an arbitrator to determine, not this court.  With regard to the ten-day requirement within which to file for arbitration, Defendant asserts that "the ongoing nature of [the] damages compound[s] the issue of when a 'ten day' period begins and ends."  *Id.* at 4.

On September 19, 2005, Plaintiff filed a reply to Defendant's opposition.  (Paper 12).  Plaintiff asserts that it is within the court's province to determine whether Defendant has followed the appropriate "pre-arbitration" procedures. Plaintiff reasserts that with regard to all claims, Defendant has either failed to request arbitration in a timely manner or, for those claims "it has yet to submit to Zadmer Enterprises for a decision, it has no right to arbitration until it has done so."  (Paper 12, at 3).  Plaintiff concludes that Defendant has

---

[3] Plaintiff does not clearly specify the claims on which Defendant allegedly waived its right to arbitration versus the claims that Plaintiff argues are premature.

"failed to establish that it met the contractual requirements for arbitration, and the right to arbitration, therefore, does not exist." *Id.*

## II. Analysis

The Federal Arbitration Act ("FAA") governs in a particular case if: "(1) there was an agreement in writing providing for arbitration and (2) the contract evidences a transaction involving interstate commerce." *Am. Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 963 (4th Cir. 1980). Determining whether the second element is met is a fact-specific inquiry. For instance, in *American Home Assurance Company*, 629 F.2d at 963, the Fourth Circuit held that the interstate commerce element was met and the FAA was applicable where the primary contractor's principal place of business was Alabama, the subcontractor was incorporated in Virginia, the project was in Virginia, the contract included subcontracts and purchase orders for products and equipment shipped to Virginia from various states, and non-resident employees worked on the project.

In this case, there was an agreement in writing, the contract, which provided for arbitration (Paper 8, ex. 1). The contract involved an interstate commercial transaction because: (a) Plaintiff's place of incorporation and principal place of

business is Maryland; (b) Defendant is incorporated in Delaware;
(c) Defendant's services were to be performed in Virginia; and
(d) products were shipped from various states to Virginia.  *See
Am. Home Assurance Co.*, 629 F.2d at 963.  Hence, the FAA
applies.[4]

"[T]he FAA creates 'a body of federal substantive law of
arbitrability, applicable to any arbitration agreement within
the coverage of the Act.'"  *Hill v. PeopleSoft USA, Inc.*, 412
F.3d 540, 543 (4th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp.
v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

> The [FAA] establishes that, as a matter of
> federal law, any doubts concerning the scope
> of arbitrable issues should be resolved in
> favor of arbitration, whether the problem at
> hand is the construction of the contract
> language itself or an allegation of waiver,
> delay, or a like defense to arbitrability.

*Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.  *See also Choice
Hotels Int'l v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 711

---

[4] Although neither party specifically articulates why the
FAA governs, the parties both appear to agree it applies. Paper
10, Plaintiff's motion to stay arbitration, at 2 ("The parties
to this action have agreed that they are subject to the [FAA]");
Paper 11, Defendant's opposition memorandum, at 6 (citing the
FAA for the assertion that this court must stay proceedings
because they are related to issues covered under an arbitration
agreement).  In its reply, (paper 12), however, Plaintiff cites
to Maryland state cases applying Maryland law.  Because the
court finds that the FAA governs this arbitration agreement, it
will apply FAA jurisprudence in its analysis.

(4th Cir. 2001) ("Agreements to arbitrate are construed according to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration.").

A court should determine the threshold questions of whether parties are bound by an arbitration clause and whether a binding arbitration clause applies to a particular type of controversy. *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997). Generally, however, the court's inquiry into "arbitrability" is narrow in scope. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). "Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) (holding that an arbitrator should decide if the initial steps of a grievance procedure, which were prerequisites to arbitration, were followed). *See also Glass*, 114 F.3d at 454 ("It is clear . . . [that] questions of procedural arbitrability . . . are for the arbitrator to decide."). The Supreme Court has stated that defenses to compelled arbitration premised on a lack of timeliness or notice are issues of "procedural arbitrability" and therefore should be determined by an

arbitrator, and not the court.  *Howsam*, 537 U.S. at 85.  *See also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *Glass*, 114 F.3d at 455-56; *County of Durham v. Richards & Assocs., Inc.*, 742 F.2d 811, 815 (4th Cir. 1984); *In re Mercury Constr. Corp,* 656 F.2d 933, 940 (4th Cir. 1981).  Moreover, in *Glass,* the Fourth Circuit quoted with approval the language of *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2nd Cir. 1991), which stated "*any* limitations defense - whether stemming from the arbitration agreement, arbitration association rule, or state statute - is an issue to be addressed by the arbitrators." (emphasis in original).[5]  *Glass*, 114 F.3d at 456.  *See also County of Durham*, 742 F.2d at 815 (finding that whether a party complied with an arbitration agreement's requirement that a claim be brought within the relevant statute of limitations period was an issue for an arbitrator).

Here, the contract requires Defendant to appeal "any and all" disputed decisions "of any nature whatsoever" through use of the arbitration process.  (Paper 8, ex. 1, Article VII).  On July 29, 2005, Defendant submitted multiple claims to the American Arbitration Association for arbitration.  (Paper 6).

---

[5] The Fourth Circuit also noted: "The decisions of the Second Circuit, which are preeminent in arbitration law, comport with our holdings."  *Glass*, 114 F.3d at 456.

The claims involved an alleged failure of Plaintiff to pay money owed to Defendant as well as a claim that Plaintiff's delays on the project resulted in damages to Defendant. *Id.* There is no disagreement that the contract between Plaintiff and Defendant is valid, or that the arbitration clause is applicable to the subject matter involved in the claims that Defendant asserts. Instead, Plaintiff argues that this court should stay the arbitration because, with regard to the claims Defendant asserts, it failed to follow the procedural prerequisites to arbitration, therefore rendering its demand for arbitration premature, and/or Defendant waived its right to arbitration by not requesting arbitration within ten days of Plaintiff's decision on the issue.

To the extent that Plaintiff argues that Defendant failed to follow the correct procedures before pursuing arbitration, it is clear that an arbitrator should resolve these issues, and not this court. *Howsam*, 537 U.S. at 85; *John Wiley, Inc.*, 376 U.S. at 557. Moreover, if Plaintiff asserts that Defendant waived its right to arbitration because its demand was untimely, precedent dictates that this determination does not fall within the province of this court; it is an issue of procedural arbitrability for an arbitrator to decide. *See Howsam*, 537 U.S. at 85; *John Wiley, Inc.*, 376 U.S. at 557; *Glass*, 114 F.3d at

455-56.[6]

For the reasons noted, the court will deny Defendant's motion to stay arbitration pending compliance with the subcontract disputes procedure.  A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

September 23, 2005

---

[6] This result comports with the strong federal policy in favor of arbitration.  *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *Porter Hayden Co. v. Century Indem. Co.*, 136 F.3d 380, 382 (4th Cir. 1998).